UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAMUEL BOZEMAN,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration,

    Defendant.

CASE NO. C08-5624JKA

ORDER REMANDING ADMINISTRATIVE DECISION

This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter has been fully briefed. Plaintiff brings this action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision. Plaintiff argues in his opening brief the following administrative errors:

    (1) the ALJ adopted the opinion of Dr. Peterson and Dr. Beaty, but the ALJ's residual functional capacity does not accurately reflect that opinion;

    (2) the ALJ erroneously rejected the testimony of the vocational expert; and

    (3) the record is fully developed and reversal with payment of benefits, rather than mere remand for further proceedings, is an appropriate remedy.

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S.

ORDER
Page - 1

389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

After carefully reviewing the record, the court finds and orders as follows:

(1) The ALJ erred when he failed to incorporate the opinion of Dr. Peterson and Dr. Beaty into Plaintiff's residual functional capacity. The ALJ specifically adopted the findings of Dr. Peterson. Tr. 20, 22, & 23. Dr. Peterson's opinion is based on a review and affirmation of Dr. Beaty's evaluation of the medical records, specifically with regard to Plaintiff's mental health. Tr. 217-234. Neither physician examined or treated Plaintiff. Dr. Peterson concluded Plaintiff suffers from a bipolar disorder; substance-induced mood disorder; antisocial personality disorder and affective disorders. Plaintiff was found to have mostly moderate limitations due to his mental impairments. Tr. 227 & 231-232.

Dr Beaty wrote, "[C]laimant is able to understand and carry out non-complex, repetitive tasks, with adequate concentration and pace," and "[g]iving him the benefit of the doubt (despite his poor credibility), he will do best with just superficial interactions with supervisors, co-workers and the general public." Tr. 233. In contrast, the ALJ's residual functional capacity states, "The claimant is able to understand, remember, and carry out simple instructions; make judgments commensurate with the functions of unskilled work; respond appropriately to supervision, co-workers, and usual work situations; and deal with changes in a routine work setting, not dealing with the general public." Tr. 21.

In sum, the ALJ's residual functional capacity finding is not properly supported by the record.

(2) The ALJ erred when he rejected the testimony of the vocational expert. At the hearing, the vocational expert was asked hypothetically by the ALJ to assume a person had moderate mental limitations, as found by Dr. Peterson and Dr. Beauty. Tr. 388-390. The vocational expert testified that such an individual would not be able to perform Plaintiff's past work or any other work that exists in the national or regional economies. Tr. 389. The ALJ did not address the testimony of the vocational expert in his decision.

(3) The decision whether to remand a case for additional evidence or simply to award benefits is

within the discretion of the court. <u>Swanson v. Sullivan</u>, 876 F.2d 683, 689 (9th Cir.1989) (*citing* <u>Barney v. Secretary of HAS</u>, 859 F.2d 1396, 1399 (9th Cir., 1988). In <u>Barney</u>, the Ninth Circuit held that in cases where the record is fully developed, a remand for further proceedings is unnecessary. <u>Barney</u>, 859 F.2d at 1401. *See also* <u>Radix v. Chater</u>, 157 F.3d 715, 728-730 (9th Cir. 1998)(case not remanded for further proceedings because it was clear from the record claimant was entitled to benefits); <u>Swanson</u>, 876 F.2d at 689 (directing an award of benefits where no useful purpose would be served by further proceedings); <u>Rodriguez v. Bowen</u>, 876 F.2d 759, 763 (9th Cir.1989) (same); <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th Cir.1987) (accepting uncontradicted testimony as true and awarding benefits where the ALJ failed to provide clear and convincing reasons for discounting the opinion of claimant's treating physician).

Here, Plaintiff argues the matter is fully developed and the matter should be reversed and remanded for an award of appropriate benefits. The undersigned disagrees. The ALJ essentially ended his inquiry at step-four of the administrative process. The ALJ erred as described above and the vocational expert's testimony is based on a flawed evaluation of the medical evidence and residual functional capacity assessment. The administration should be given the opportunity to correct these errors and complete the administrative review process through step-five.

(4) Accordingly, the Court REMANDS the Social Security Administration's final decision for further consideration.

DATED this 14th day of May, 2009.

> */s/ J. Kelley Arnold*
> J. Kelley Arnold
> U.S. Magistrate Judge